IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICKY JOURNEY, | ) | 8:19CV38 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| STATE OF NEBRASKA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Ricky Journey, filed this case on January 25, 2019, and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons stated below, the court determines that action should be dismissed without prejudice.

I. SUMMARY OF COMPLAINT

Plaintiff is an inpatient at the Norfolk Regional Center ("NRC") in Norfolk, Nebraska, having been civilly committed as a dangerous sex offender.[1] He challenges the commitment order on various grounds, and claims numerous individual Defendants conspired to violate his constitutional rights. Plaintiff requests that he be released from NRC and that he recover compensatory damages from the individual Defendants.

II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a

---

[1] Plaintiff previously was serving a prison sentence in the custody of the Nebraska Department of Correctional Services, with a release date of May 1, 2018. Mental health board proceedings apparently were commenced prior to his release under authority of the Sex Offender Commitment Act ("SORA"), Neb. Rev. Stat. §§ 71-1201 to 71-1226.

complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. ANALYSIS

Although Plaintiff has pleaded this case as an action brought under 42 U.S.C. § 1983, he is seeking immediate discharge from the Norfolk Regional Center by claiming that the civil commitment order, which was entered by the Buffalo County Mental Health Board, is invalid. Under applicable law, however, such a claim can only be pursued in federal court through a habeas corpus proceeding and Plaintiff must first exhaust his state court remedies. Plaintiff is also precluded from seeking to recover monetary damages at this time because the alleged constitutional violations necessarily imply that the commitment order is invalid.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), involving a § 1983 action brought by a state prisoner seeking damages from prosecutors and a police investigator whose actions allegedly caused him to be unlawfully convicted, the Supreme Court stated:

> This case lies at the intersection of the two most fertile sources of federal-court prisoner litigation—the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983, and the federal habeas corpus statute, 28

> U.S.C. § 2254. Both of these provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation. In general, exhaustion of state remedies "is *not* a prerequisite to an action under § 1983," *Patsy v. Board of Regents of Fla.,* 457 U.S. 496, 501, 102 S.Ct. 2557, 2560, 73 L.Ed.2d 172 (1982) (emphasis added), even an action by a state prisoner, *id.,* at 509, 102 S.Ct., at 2564. The federal habeas corpus statute, by contrast, requires that state prisoners first seek redress in a state forum. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).
>
> > *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), considered the potential overlap between these two provisions, and held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983. *Id.,* at 488-490, 93 S.Ct., at 1835-1837. We emphasize that *Preiser* did *not* create an exception to the "no exhaustion" rule of § 1983; it merely held that certain claims by state prisoners are not *cognizable* under that provision, and must be brought in habeas corpus proceedings, which do contain an exhaustion requirement.

*Id.* at 480-81 (footnote omitted; emphasis in original). The Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87 (footnote omitted).

While *Heck* and *Preiser* involved criminal convictions, the Court's reasoning in those cases applies equally to civil commitments. As explained by the United States Court of Appeals for the Ninth Circuit, in affirming the dismissal of a § 1983 action brought by a civil detainee seeking damages and declaratory relief against a California Sexually Violent Predators Act ("SVPA") evaluator:

> *Heck*'s favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus. Unlike the PLRA [Prison Litigation Reform Act], the habeas

> statute is not textually limited to "prisoners." Rather, § 2254 directs that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a *person in custody* pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added). It is well established that detainees under an involuntary civil commitment scheme such as SVPA may use a § 2254 habeas petition to challenge a term of confinement. *See Duncan v. Walker,* 533 U.S. 167, 176, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (stating that a state court order of civil commitment satisfies § 2254's "in custody" requirement). We therefore conclude that *Heck* applies to SVPA detainees with access to habeas relief.

*Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *see Henderson v. Bryant*, 606 F. App'x 301, 304 (7th Cir. 2015) (unpublished) (civil detainee cannot maintain § 1983 action seeking damages for having been recommitted based on his violation of allegedly unconstitutional conditions of release because a successful damages claim would vitiate the basis for his commitment; plaintiff "must first have the custody invalidated, either in state proceedings or through a federal collateral attack under 28 U.S.C. § 2254, before he can refile those claims and proceed under § 1983."); *Thomas v. Schmitt*, 380 F. App'x 549, 550 (7th Cir. 2010) (unpublished) (plaintiff civilly committed as a sexually violent person cannot bring § 1983 action seeking to recover damages against examining psychologist who allegedly falsified a report which led to his commitment unless and until his commitment is invalidated); *Carter v. Bickhaus*, 142 Fed.App'x 937, 938 (8th Cir. 2005) (unpublished) (affirming dismissal of civilly committed detainee's claims for damages and injunctive relief as *Heck*-barred, and holding he could not seek release as method of relief under §1983, but instead had to seek release in habeas corpus petition after he exhausted his state remedies).

IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff will not be allowed to amend his pleading because the court has concluded that to do so would be futile.

IT IS THEREFORE ORDERED:

1. Plaintiff's action is dismissed without prejudice.

2. Plaintiff's motion for issuance of summonses (filing 3) is denied.

3. Judgment will be entered by separate document.

4. The clerk of the court is directed to send Plaintiff a form petition for a writ of habeas corpus under 28 U.S.C. § 2254.

DATED this 5th day of February, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge